MARY A. ELLIS, Respondent, *v.* THOS. S. EASTMAN, Appellant.

Statute—Commissioners of the Sinking Fund of San Francisco.—If it appear from the entire instrument that the grantors in the deed intended to execute the same in their official capacity as "Commissioners of the Sinking Fund of the City of San Francisco," though attaching thereto their private seals and signatures only, it comes within the purview of the Statute of March 25, 1858, (Stats. 1858, p. 84), which was intended to validate such sales and conveyances of the Commissioners.

Power—Execution of a.—If the notice required is not given in the execution of a power, the proceeding is a nullity.

Appeal from the District Court of the Fifteenth District, City and County of San Francisco.

The plaintiff relied for title upon a deed executed by John W. Geary and others. This instrument showed, in its introductory clauses, that it was intended to be executed by the grantors in their capacity as "Fund Commissioners of the City of San Francisco," but to which their individual signatures and private seals alone were affixed.

*Porter & Holliday* and *James McCabe*, for Appellant.

*B. S. Brooks*, for Respondent.

No brief on file.

Sawyer, C. J., delivered the opinion of the Court:

It is manifest, from the whole tenor of the deed from Geary *et al.* to Buckley, that said parties designed to convey as Commissioners of the Sinking Fund. It is clearly so expressed. The Act of March 25, 1858 (Stats. 1858, p. 84), was intended—and, we think, did—confirm and validate the sales and conveyances of the Commissioners referred to in the Act, of which the sale and conveyance in question constitute one. Under this sale and conveyance, ratified and confirmed by the statute, Buckley took the title. The language of the statute, like that of many others, might have been better chosen, but the purpose, upon reading the whole Act, seems clear.

The sale under the power of attorney in the mortgage from Buckley to Southworth, was made without giving a notice of

ten days, as required.    The attorney, therefore, did not pursue the power, and the sale is void for that reason.

Judgment and order affirmed.

SANDERSON, J., expressed no opinion.